

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00055-CR

_____

JAMES ESTRADA, JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR15544

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant James Estrada, Jr.[1] pleaded guilty to aggravated assault causing serious bodily injury (using a deadly weapon) on a family member. Estrada elected to have a jury assess punishment. Following a trial, the jury assessed a punishment of sixty years in prison. The trial court sentenced Estrada accordingly. Estrada appealed his conviction.

After reviewing the record and concluding that no arguable grounds for appeal exist, Estrada's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*; counsel has presented a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Estrada was given an opportunity to file a response to counsel's brief and motion, but he has not done so. The State has also declined to file a response.

---

[1]Throughout the clerk's record, Estrada is referred to as either "James Estrada" or "James Estrada, Jr." We will use the name "Estrada."

After carefully reviewing the record and counsel's brief, with the exception of a minor correction, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The trial court's judgment does, however, require modification regarding court costs. The judgment purports to impose $400 in court costs and a "fine" of $100 on Estrada, apparently under the authority of Article 42A.504(b) of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 42A.504(b). The bill of costs, which includes $500 in court costs, indicates that $100 of these costs stem from a "Family Shelter Fee".

According to the relevant article of the Code of Criminal Procedure, if a trial court grants community supervision to a defendant convicted of an offense under Title 5 of the Penal Code (which includes, as is applicable here, assaultive offenses), and the trial court determines that the offense involves family violence, the trial court must require the defendant to pay $100 to a family violence center that receives state or federal funds and serves the county where the court is located. Tex. Code Crim. Proc. Ann. art. 42A.504(b). Although Estrada's offense was committed against a family member, he was neither placed on community supervision for that offense, nor was he serving under a community supervision order that was revoked when he committed the current offense. *Cf. Guajardo v. State*, No. 04-17-00421-CR, 2018 WL

3129452, at *1 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op., not designated for publication) (holding imposition of family violence fee against defendant was proper where he had previously been placed on community supervision for a family violence offense and that supervision was revoked). Accordingly, we delete the $100 "fine" from the judgment and the $100 "Family Shelter Fee" from the bill of costs. We also delete $100 from the order to withdraw funds, leaving Estrada with an outstanding balance of $400.

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 16, 2023